UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUCLIDES BARRIOS-MARSIGLIA

    v.                                                                Case No: 17-cv-909 T-24 AEP
                                                                              15-cr-353 T-24 AEP

UNITED STATES OF AMERICA
_____/

## ORDER

This cause comes before the Court on Petitioner Euclides Barrios-Marsiglia's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1; Crim. Doc. 156). Because review of the motion conclusively demonstrates that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter directly. 28 U.S.C. § 2255(b).

**I.    Background**

On December 8, 2015, Petitioner pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70506(a)–(b) and 21 U.S.C. § 960(b)(1)(B)(ii). (Crim. Docs. 44, 46). On March 15, 2016, the Court sentenced Petitioner to 97 months' imprisonment and 60 months' supervised release. (Crim. Doc. 127). Petitioner did not appeal. On April 7, 2017, Petitioner signed the instant § 2255 motion.[1] (Civ. Doc. 1; Crim. Doc. 156).

---

[1] Petitioner's § 2255 Motion is dated both April 7, 2017 and April 13, 2017. It is unclear on which of these dates the Petitioner actually signed the motion. However, even giving Petitioner the benefit of the earlier date, Petitioner's § 2255 motion is untimely.

1

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a mandatory, one-year period of limitation for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). Petitioner's § 2255 motion is dated April 7, 2017, and it is deemed to have been filed on that date. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (explaining a prisoner's § 2255 motion is considered filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it).

Under § 2255(f)(1), "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Judgment was entered against Petitioner on March 15, 2016. Therefore, for purposes of the limitation period, Petitioner's conviction became final when the 14-day period for filing an appeal elapsed on March 29, 2016, *see* Fed. R. App. P. 4(b)(1), and he had until March 29, 2017 to file a motion for collateral relief, *see* 28 U.S.C. §

2255(f)(1). He did not file his § 2255 motion until April 7, 2017, at the earliest. Therefore, Petitioner's § 2255 motion is untimely and is due to be dismissed.

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DISMISSED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close the civil case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of April, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro se* Petitioner
Counsel of Record